IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHEMIKA CRUTCHFIELD, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 1:14-cv-1962-ODE |
| CHIPOTLE MEXICAN GRILL, INC., | ) |
| Defendant. | ) |

# COMPLAINT

PLAINTIFF SHEMIKA CRUTCHFIELD ("Plaintiff") hereby files this Complaint against DEFENDANT CHIPOTLE MEXICAN GRILL, INC. ("Defendant") and for this cause of action states the following:

### *Nature of the Claim*

1. Plaintiff brings this action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks damages for Defendant's retaliatory actions and for unpaid overtime compensation, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

### *Jurisdiction and Venue*

3. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce. Additionally, Defendant is subject to service in this judicial district; thus, this Court has personal jurisdiction.

4. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5. Plaintiff is a resident of Georgia and was employed by Defendant from April 2013 to April 2014 at one of Defendant's restaurants in Atlanta, Georgia as a Takeout Specialist.

6. Defendant is organized under the laws of the state of Delaware, is authorized to do business in the state of Georgia and throughout the United States, and operates restaurants throughout the state of Georgia and the United States. Defendant can be served via its registered agent, National Registered Agents Inc., located at 1201 Peachtree Street, NE, Suite 1240, Atlanta, GA 30361.

## *Factual Allegations*

7.     At all times relevant to this action, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) and was not exempt from the overtime provisions of the FLSA.

8.     At all times relevant to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because it had employees engaged in commerce and because its annual gross sales volume exceeds $500,000.

9.     Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing hereof.

10.     At all times relevant to this action, Defendant classified Plaintiff as non-exempt for FLSA purposes.

11.     Plaintiff was a non-exempt employee within the meaning of the FLSA throughout her employment with Defendant and was subject to the overtime provisions of the FLSA.

12.     During her employment, Plaintiff regularly worked hours in excess of 40 hours per week for which Defendant failed to compensate her.  Plaintiff's supervisors were aware of the hours Plaintiff worked for which she was not compensated.

13. Plaintiff was deprived of compensation to which she was entitled through Defendant's custom and/or practice of failing to credit her for all hours worked.

14. As a result of this custom and/or practice, Defendant failed to credit and pay Plaintiff properly for all overtime hours she worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

15. Defendant has willfully and intentionally failed and/or refused to compensate Plaintiff in accordance with the FLSA.

16. In the end of January 2014, Plaintiff reported to Leann West, a Team Leader, that she was experiencing several issues with respect to her compensation. Plaintiff reported, among other things, that Defendant had not paid her the overtime that she was owed because an employee had been altering her time records in Defendant's timekeeping system.

17. Ms. West asked Plaintiff if she could identify the employee in question and Plaintiff pointed to Alberto Baca, an Apprentice. Ms. West told Plaintiff that she would look into the issue. Despite Ms. West's assurance, Plaintiff received no follow-up to her complaints.

18. At the end of March 2014, Ms. West and another employee conducted a pre-screening of the restaurant before an upcoming corporate visit. During their

visit, they encouraged Plaintiff and others to speak honestly about the restaurant's operation and they guaranteed them that their comments would remain confidential.

19. As requested, Plaintiff informed them of the numerous issues in the restaurant and reminded Ms. West of the FLSA issues she had previously reported. She also asked Ms. West for an update on her previous FLSA concerns. Ms. West told Plaintiff that they would handle those issues later, but Plaintiff should not mention it to Defendant's corporate representatives.

20. At the beginning of April 2014, one of Defendant's corporate representatives visited the restaurant. During the visit, Defendant's corporate representative questioned Plaintiff about numerous items and asked for her honest thoughts on the restaurant's operations. As requested, Plaintiff truthfully reported to the corporate representative that, among other things, Defendant's corporate standards were not being met and she went into the details of those issues.

21. On April 15, 2014 – just days after she had reported the issues discussed above – Plaintiff received notice from Efren Carmona and Mr. Baca that Defendant was terminating her employment. According to Mr. Carmona and Mr. Baca, the termination was due to Plaintiff's negative comments during the corporate visit. They further acknowledged to Plaintiff that they were upset that

they did not get "restauranteur" and they told her that her comments were among the causes.

22. Upon information and belief, following the termination of Plaintiff's employment, Defendant conducted an internal investigation into the issues presented herein. As part of the investigation, Defendant's outside counsel and/or its corporate representatives visited Plaintiff's former restaurant to question employees.

23. Upon information and belief, prior to and/or during the visit, Mr. Efrem gathered the employees in a meeting and ordered them to not speak to outside counsel and/or the corporate representatives on the hours issues or anything pertaining to Plaintiff. He also threatened to fire these employees if they speak on the hours issues or anything pertaining to Plaintiff and told them that he would terminate them just as he had terminated Plaintiff.

24. Plaintiff has retained The Weiner Law Firm LLC to represent her in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

25. Plaintiff consents to participate in this action. Plaintiff's consent is attached hereto as Exhibit 1and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

**(Overtime Compensation Due Under 29 U.S.C. § 207)**

26. Plaintiff re-alleges paragraphs 1 through 25 above and incorporates them here by reference.

27. By engaging in the conduct described above, Defendant failed to pay Plaintiff at a rate of pay not less than one and one half times her regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

28. Defendant's actions in failing to compensate Plaintiff in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff.

29. As a result of Defendant's violation of the FLSA, Plaintiff is entitled to recover her unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT 2

**(Retaliation Under 29 U.S.C. § 215)**

30. Plaintiff re-alleges paragraphs 1 through 29 above and incorporates them here by reference.

7

31. This claim arises from Defendant's unlawful and willful retaliation against Plaintiff in violation of the FLSA.

32. On April 15, 2014, Defendant retaliated and discriminated against Plaintiff in violation of 29 U.S.C. § 215(a)(3) when it terminated her employment in response to her attempts to assert her rights to overtime compensation under the FLSA.

33. As a direct result of Defendant's retaliatory and discriminatory actions alleged herein, Plaintiff suffered and will continue to suffer mental anguish, emotional distress, humiliation, embarrassment, pain and suffering, loss of the enjoyment of life, and loss of pay and benefits, both past and future.

34. Plaintiff is entitled to back and front pay, liquidated damages, compensatory damages including mental anguish, emotional distress, attorneys' fees, costs of suit, and all other damages available at law or in equity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court award Plaintiff:

   i. damages in the amount of her unpaid overtime wages, according to proof, and pursuant to the FLSA;

   ii. an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

iii. back and front pay, liquidated damages, compensatory damages including those for mental anguish and emotional distress, and all other damages available at law or in equity;

iv. prejudgment interest;

v. costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

vi. reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

vii. such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: June 23, 2014

> By: /s/ Andrew Weiner
> Andrew L. Weiner
> Georgia Bar No. 808278
> Jeffrey B. Sand
> Georgia Bar No. 181568
> THE WEINER LAW FIRM LLC
> 3525 Piedmont Road
> 7 Piedmont Center, 3rd Floor

Atlanta, Georgia 30305
(404) 205-5029 (Tel.)
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@atlantaemployeelawyer.com
js@atlantaemployeelawyer.com

COUNSEL FOR PLAINTIFF